

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

ATTORNEY GENERAL.

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3097
Re: Comptroller's authority to issue
warrant for refunding donations
made by certain counties and
chambers of commerce to State Highway
Fund for defraying expenses of a survey.

From your letter of January 25, 1941, along with certain other data submitted, and the letter of explanation given us by the State Highway Engineer on January 30, 1941, we gather the following facts:

By Minute No. 17859 on December 3, 1940, the Texas State H ighway Commission designated a certain highway extending southwest across the Brazos River at or near Kimball's Bend, ordered location studies to be made, directed the State Highway Engineer to proceed with completion of plans and receipt of bids for the construction of a bridge and approaches at the Brazos River, and among other things not necessary to mention, the Commission also ordered returned several donations in the total sum of $3,300.00 to the sources from which they came. Said sum had been deposited in the State Highway Fund by Ellis County, Johnson County, Fort Worth Chamber of Commerce, Dallas Chamber of Commerce, and Farmers' State Bank, Meridian, Texas, for the purpose of defraying necessary expenses to be incurred by the State Highway Department in determining where crossing the Brazos River should be made. These donations having been made in pursuance to Minute No. 13009 of the Highway Commission, dated November 24, 1936 and, as we understand, immediately thereafter.

The Highway Engineer advises that it was not necessary to spend any part of the fund of $3,300.00, and that it is the desire of the Highway Commission to return the same to the donors. Accordingly the State Highway Department has presented its claim to your Department in the sum of $3,300.00 for reimbursement of said counties, chambers of commerce, and the bank. You request our opinion as to whether or not you are authorized to issue the requested warrant.

Article 8, Section 6 of the Texas Constitution, reads as follows:

"Sec. 6. No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law; nor shall any appropriation of money be made for a longer term than two years, except by the first Legislature

to assemble under this Constitution, which may make the necessary appropriations to carry on the government until the assemblage of the sixteenth Legislature."

Article 6694, Revised Civil Statutes, provides:

"All funds coming into the hands of the Commission derived from the registration fees or other sources provided for in this subdivision, as collected, shall be deposited with the State Treasurer to the credit of a special fund designated as 'The State Highway Fund,' and shall be paid only on warrants issued by the Comptroller upon vouchers drawn by the chairman of the Commission and approved by one other member thereof, such vouchers to be accompanied by itemized shown statements of the expenditures."

Article 6674d, Revised Civil Statutes, contains the following:

"All further improvement of said State Highway System with Federal aid shall be made under the exclusive and direct control of the State Highway Department and with appropriations made by the Legislature out of the State Highway Fund. . . ."

Article 6674e, Revised Civil Statutes, reads:

"All moneys now or hereafter deposited in the State Treasury to the credit of the 'State Highway Fund,' including all Federal aid moneys deposited to the credit of said fund under the terms of the Federal Highway Act and all county aid moneys deposited to the credit of said fund under the terms of this Act shall be subject to appropriation for the specific purpose of the improvement of said system of the State Highway Department."

Whether by general statute the Legislature could have provided for the collection and expenditure of this vast fund without the necessity of Legislative appropriations is a question we need not determine. For the Legislature did not make any such attempt. A reading of the above statutes, particularly Articles 6674d and 6674e, shows quite clearly that the Legislature intended that the State Highway Fund should simply be a special fund in the State Treasury, and subject to the appropriation by the Legislature. We are borne out by Atkins vs. Highway Dept., 201 S.W. 226; Johnson vs. Ferguson, 55 S.W. (2d) 153. The Legislature regularly makes appropriations of this fund in the same way that it makes appropriations out of the general and other special funds in the State Treasury.

We do not considere here the question as to whether an appropriation for the payment of these items would be valid or not. It is sufficient for the purposes of this opinion to point out that the Legislature has made no appropriation which could be construed to cover this claim. Hence, we are constrained to answer your question in the negative.

GRL:js:egw

Yours very truly

APPROVED FEB 4, 1941
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By /s/ Glenn R. Lewis
Assistant